UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ryan Bell,  
            Plaintiff,

v.

Joshua Arneson, acting in his individual capacity as an officer of the Roseville Police Department; Travis Steinberg, acting in his individual capacity as an officer of the Roseville Police Department,

            Defendants.

Civil No. 21-692 (DWF/ECW)

MEMORANDUM
OPINION AND ORDER

## INTRODUCTION

This matter is before the Court on Defendants Joshua Arneson ("Arneson") and Travis Steinberg's ("Steinberg") (together, "Defendants") motion to dismiss Plaintiff Ryan Bell's complaint based on judicial estoppel. (Doc. No. 46.) For the reasons set forth below, the Court grants Defendants' motion to dismiss.

## BACKGROUND

In March 2021, Plaintiff Ryan Bell ("Bell") filed this action, alleging that, in May 2018, Arneson and Steinberg used excessive force during his arrest in violation of his Fourth Amendment rights. (Doc. No. 1 ("Compl.") ¶ 1.) Bell alleges that Defendants punched him multiple times and kneed him near his neck despite his repeated pleas that he was suffering from a spinal injury. (Compl. ¶¶ 36, 38, 51, 60 89.) Bell seeks both compensatory and punitive damages. (*Id.* Prayer for Relief.)

Prior to filing this action, Bell filed for bankruptcy in January 2020. (Doc. No. 48 ("Peden Decl.") ¶ 3, Ex. A.) At that time, Bell declared to the bankruptcy court that he did not have any lawsuits or claims against third parties. (*Id.*) The bankruptcy case then closed in April 2020. (*Id.* ¶ 6, Ex. D.) Two months before filing this action, Bell applied to reopen his bankruptcy case to add two personal injury claims that arose in 2019 but were not disclosed in the initial bankruptcy proceedings. (*Id.* ¶ 7, Ex. E.) Bell estimated that each claim was valued at exactly $12,575.00. (*Id.* ¶ 8, Ex. F.)

The bankruptcy case remained open until July 13, 2021. (*Id.* ¶ 10, Ex. H.) Bell did not amend his bankruptcy proceedings to include this present action while the bankruptcy case was open, and since the case has been closed, he has not applied to reopen the bankruptcy case to add his claims against Defendants.

Defendants filed this motion to dismiss, arguing that Bell should be estopped from pursuing his claims against Defendants because he has failed to amend his bankruptcy schedule to include these claims. Bell did not respond to the motion.

## DISCUSSION

### I.   Judicial Estoppel

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotations and citation omitted). The Court may take notice of a party's prior proceedings and analyze judicial estoppel on a motion for judgment on the pleadings. *See United States v. Hamed*, 976 F.3d 825, 828-30 (8th Cir. 2020) (affirming the district court's decision to grant the government's motion for judgment on the pleadings based on judicial estoppel).

2

Judicial estoppel prevents a person from "tak[ing] a certain position in a legal proceeding" and then "assuming a contrary position" in a later proceeding. *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (citing *New Hampshire*, 532 U.S. at 748). The rule is intended "to protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-50 (internal quotations and citation omitted).

The Court considers three factors when determining whether to apply judicial estoppel: (1) whether the party's later position is "clearly inconsistent" with a prior position; (2) whether the court in the previous case was persuaded by the party's prior position; and (3) whether "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750. Even if all factors are met, a court may find judicial estoppel to be inappropriate "when a party's prior position was based on inadvertence or mistake." *Id.* at 753 (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995)).

The Court finds that all three factors are met. First, Bell's position in this case is clearly inconsistent with his prior position, as he has failed to amend his bankruptcy schedules to include these claims that arose before the bankruptcy proceedings. *See Van Horn v. Martin*, 812 F.3d 1180, 1182-83 (8th Cir. 2016) ("[T]he debtor's failure to amend his bankruptcy schedules to include his discrimination claims represented to the bankruptcy court that no such claims existed.") (internal quotations omitted)).

3

Second, because Bell failed to amend his bankruptcy schedules, the bankruptcy court adopted Bell's position that he did not have a claim against Defendants. *See id.* at 1183. Finally, Bell could have received an unfair advantage, because, if he had disclosed these claims, "the [bankruptcy] trustee could have asked the bankruptcy court to order [him] to make any proceeds from a potential settlement available to [his] unsecured creditors." *Id.* (internal quotations and citation omitted).

It is also evident that Bell's failure to disclose was not inadvertent. Bell clearly knew that he had an affirmative duty to reopen the bankruptcy case if he discovered any additional causes of action that arose before he filed for bankruptcy, as he previously applied to reopen his case in January 2021 to add two personal injury claims from 2019. While the bankruptcy case was still open, he filed this action—which arose before Bell filed for bankruptcy—but he never disclosed the claims to the bankruptcy court.

As Defendants note, Bell also had motive to not make this disclosure. When he reopened the bankruptcy case, Bell claimed an exemption of exactly $25,150 between his two personal injury claims, which was the exact maximum a debtor could claim in an exemption for personal injury causes of action at the time.[1] That meant that, had Bell disclosed this case to the bankruptcy court, Bell could not have exempted any portion of the damages. Moreover, Bell filed this complaint in March 2021, while his bankruptcy case was still open. Because he knew of these claims while the bankruptcy case was

---

[1] In January 2021, the maximum exemption for personal injury causes of action was $25,150. *See* Adjustment of Certain Dollar Amounts in the Bankruptcy Code, 87 Fed. Reg. 6625 (Feb. 4, 2022). The statute has since been updated, and the current maximum is $27,900. *See* 11 U.S.C.A. § 522(d)(11)(D).

4

open, he "ha[d] motive to conceal" the claims from the bankruptcy court. *See Van Horn*, 812 F.3d at 1183 (reasoning that a party who is aware of a cause of action while the bankruptcy case is pending "has a motive to conceal" that claim from the bankruptcy court).

Bell knew that he was required to disclose these claims with the bankruptcy court and had motive not to do so. For this reason, the Court finds that Bell's failure to disclose was not inadvertent. Additionally, because all three factors laid out in *New Hampshire* are satisfied, the Court finds that judicial estoppel is appropriate.

## CONCLUSION

For the reasons set forth above, the Court concludes that Bell is estopped from pursuing this action against Defendants. The Court therefore dismisses Bell's claims against Defendants with prejudice.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Joshua Arneson and Travis Steinberg's motion to dismiss (Doc. No. [46]) is **GRANTED**.

2. Plaintiff Ryan Bell's claims against Defendants Joshua Arneson and Travis Steinberg are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 20, 2022         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge